UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARCUS DAVIS

                                                        CIVIL ACTION

V.

                                                        NO. 14-683-JWD-RLB

TOYOTA MOTOR SALES

RULING AND ORDER

Before the Court is Toyota Motor Sales, U.S.A., Inc.'s Motion to Dismiss Pursuant to Fed. Rule Civ. Pro. 12(b)(6). (Doc. 24). Plaintiff Marcus Davis opposes the motion. (Doc. 26). The Court has jurisdiction pursuant to 28 U.S.C. § 1332. Oral argument is not necessary.

After carefully considering the law, facts, and arguments of the parties, Defendant's motion is granted. Plaintiff's claims are dismissed with prejudice because they are prescribed on the face of his complaint, and Plaintiff has failed to establish in his amended complaint an exception to prescription.

I.    Procedural Background

      a.  Introduction

The Court previously dismissed Plaintiff's complaint but gave him leave to amend to cure the deficiencies.[1] (Ruling and Order, Doc. 20). The Court found that "Plaintiff's claims [were] prescribed on the face of his complaint because Plaintiff waited six years to file suit."[2] (Doc. 20, p. 11). In liberally reading Plaintiff's complaint, as the Court must do for a *pro se*

---

[1] The Court need not recite the factual background of Plaintiff's original complaint. These facts are detailed in the Court's previous ruling. (*See* Doc. 20).

[2] Under Louisiana law, "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." La. Civ. Code. art. 3492.

plaintiff,[3] the Court explained that Plaintiff appeared to assert that "prescription was interrupted by acknowledgement or that prescription was renounced by Defendant," and that Plaintiff inartfully "invok[ed] the doctrine of *contra non valentem*." (Doc. 20, pp. 11, 13). The Court explained that Plaintiff failed to satisfy either of these exceptions to prescription. (Doc. 20, pp. 12, 14-15).

However, the Court found that, "Plaintiff's claims, though tenuous, may be plausible if he amends his complaint." (Doc. 20, p. 21). The Court granted Plaintiff leave to amend and explained that Plaintiff had to allege:

> a) When Defendant admitted to the government that its vehicle was defected;
> b) If and when the Defendant acknowledged liability to the Plaintiff for his injuries;
> c) What injuries were suffered in the accident and whether they were caused by the allegedly defective airbag; and
> d) When Plaintiff became aware of the alleged defect in the airbag and when, how, and for how long any injury suffered in the accident justifiably delayed his filing suit.

(Doc. 20, p. 22).

### b. Plaintiff's Amended Complaint

In Plaintiff's Amended Complaint,[4] he asserts that "*contra non valentem* applies to [his] case [as] an exception to the prescription of [his] case because [he] was still in a homeless state after the sudden loss of [his] job, and no money to support [himself], while still being harassed by the corporate establishment, denying [him] workers compensation, veterans medical treatment and housing discrimination." (Doc. 21, p. 1). Further, Plaintiff alleges that in a previous case before this Court, *Davis v. Army*, No. 14-415, he "incorrectly said Judge Collins had [him] under

---

[3] *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) ("[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.")

[4] Though Plaintiff labeled his filing "amended appeal," it is readily apparent that Plaintiff intended to file an amended complaint.

surveillance," and that "he sincerely apologize[s] for that mistake due to [his] failing memory from the traumatic brain injury."[5] *Id.* Plaintiff also attaches a number of documents to his amended complaint, including a letter from the Department of Veterans Affairs, documents related to his housing arraignments, and a document regarding his employment. (Doc. 21, pp. 3-8). Plaintiff asserts that these documents support the application of *contra non valentem* to his case. (Doc. 21, p. 2).

### c.  Present Motion

Defendant now seeks to dismiss Plaintiff's claims pursuant to Rule 12(b)(6). (Doc. 24). Defendant argues that Plaintiff has "failed to allege any additional facts regarding any supposed admission of liability by [Defendant] or how or to whom it was made." (Doc. 24-1, p. 6). Defendant asserts that Plaintiff has failed to make an "allegation of when the supposed admission to place - either to the government or to Plaintiff himself." (Doc. 24-1, p. 6-7).  Defendant further contends that Plaintiff has "failed to follow the instructions of this Court to properly plead *contra non valentem* or some other exception to prescription." (Doc. 24-1, p. 13).

In his opposition, Plaintiff appears to assert additional factual allegations regarding the accident.[6] For example, Plaintiff contends that "the cyst a few [centimeters] from [his] brain caused bleeding in [his] brain from blunt for trauma of the crash from the whiplash effect that if

---

[5] Plaintiff also asserts that he was told by his sister that the son of retired Louisiana Justice Calogero had him under surveillance, which he claims "is proof that self interest suspects [sic] are continu[ing] to harass [him], and interfere with [his] life." (Doc. 21, p. 1).

[6] Plaintiff re-asserts that Servicemembers Civil Relief Act (SCRA) applies to his claim and that he is including a letter from the "Department of Defense Human Resource Activity, Defense Manpower Data Center" from 2011 regarding his rank. (Doc. 26, p. 4). However, Plaintiff failed to attach this letter to his amended complaint or his opposition. Further, the Court previously rejected Plaintiffs arguments under the SCRA because he was discharged from the Army over seventeen years prior to the September 9, 2008 accident. (Doc. 20, p. 20). Thus, the Court declines to address this issue again.

Additionally, Plaintiff re-asserts that Wayne Lambert, his supervisor, stalked him and interfered with his medical treatment. (Doc. 26, p. 1-2). He asserts the stress from this "prevented [him] from knowing the full scope of [his] medical condition, or injuries suffered because the company limited my access to medical treatment or opinion." (Doc. 26, p. 2-3). However, the Court previously rejected this argument because *contra non valentem* does not apply to the actions of third-parties. (Doc. 20, pp. 17-18). Thus, again, the Court declines to address this argument.

3

the airbags were working would have prevented [him] from lurching forward, which simultaneously forced pressure on [his] entire muskoskeletal[sic] body." (Doc. 26, p. 1) Plaintiff asserts that "this caused arthritis in [his] right hip, [a] blood clot in [his] right leg, and arthritis in [his] right arm, increased rotator cup tear, all of which happened September 29, 2008." *Id.* However, Plaintiff also claims that "[he] told Wayne Lambert [he] felt dizziness and confusion as evidence[d] when the police on the scene asked [him] [his] birth date which [he] could not remember, [the police officer] then said, 'I'll just get it later.' " (Doc. 26, p. 2). Additionally, Plaintiff asserts that he has had "anemia, sleep deprivation, and memory loss since the accident on day one September 9, 2008."[7] (Doc. 26, p. 3).

## II.   Discussion

This Court has previously stated the standard for a motion to dismiss. *See* Doc 20. pp. 7-9. Here, the Court agrees with Defendant. Plaintiff's amended complaint fails to adequately address any of the claims he was given leave to amend. Additionally, after reviewing each of the documents that Plaintiff attached to his amended complaint, none of his documents support an exception to prescription.

With respect to the Defendant's alleged admission that Plaintiff's vehicle was defective, the Court granted Plaintiff leave to amend to assert when this occurred, and when, if ever, Defendant admitted liability to Plaintiff. (Doc. 20, p. 12). Plaintiff's amended complaint makes no reference to any alleged admission of liability or of any defect by Defendant. As such, Plaintiff has failed to establish that prescription was interrupted by acknowledgement or that prescription was renounced by Defendant.

---

[7] There is an apparent discrepancy in Plaintiff opposition as to the day the accident occurred. Plaintiff asserts both that the accident occurred on September 29, 2008, and September 9, 2008. However, Plaintiff's original complaint and included documentation support the fact that the accident occurred on September 9, 2008. Accordingly, the Court considers this to merely be an oversight by Plaintiff.

4

With respect to *contra non valentem*, the Court granted Plaintiff leave to amend to assert when he became aware of the alleged defect in the airbag and when, how, and for how long any injury suffered in the accident justifiably delayed his filing suit. The Court also granted leave for Plaintiff to allege when he became aware of his injuries from the accident.

First, Plaintiff has failed to establish in his amended complaint which injuries were caused by the accident, if he was unaware of his injuries, and if any accounted for his failure to timely file his lawsuit. While Plaintiff asserts numerous facts in his opposition, these are not properly a part of his amended complaint. *See Reams v. Johnson*, No. 14-88, 2015 WL 300414, at *4 n. 3 (M.D. La. Jan. 22, 2015). However, Plaintiff admits in his opposition that he has had "anemia, sleep deprivation, and memory loss since the accident on day one September 9, 2008." (Doc. 26, p. 3). Further, Plaintiff admits that "[he] told Wayne Lambert [he] felt dizziness and confusion[.]" (Doc. 26, p. 2). While Plaintiff asserts that he has memory loss, this admission by Plaintiff shows that he was aware of his injuries on or near the day of the accident. *See Harsh v. Calogero*, 615 So. 2d 420, 423 (La. App. 4 Cir. 1993) ("[plaintiff] communicate[d] her version of the facts to other people … [c]learly, although plaintiff may have suffered injuries which have affected her cognitive ability, she was not in such a stupor as to not know the cause of her injury.").

Second, the Court granted Plaintiff leave to amend establish if the alleged traumatic brain injury was caused by the defective airbag, when it occurred and how, if at all, it accounts for his failure to timely file his lawsuit. In his opposition, Plaintiff admits that "the traumatic brain injury was made worse, along with any other pre-existing conditions in the 2008 accident." (Doc. 26, p. 3). This shows that the traumatic brain injury was not caused by the accident, but rather

that it was caused by some event prior to the accident. Further, Plaintiff has not shown how this injury accounts for his failure to timely file his lawsuit.

Finally, the Court granted Plaintiff leave to establish when he became aware of the alleged defective airbag. Plaintiff has failed to allege any facts that show when he became aware of the alleged defect. As this Court previously stated, "without any allegation of when he became aware of the defect, Plaintiff's *contra non valentem* arguments are not plausible." (Doc. 20, p. 17). Because Plaintiff failed to allege when he became aware of the defect, his contra non valentem arguments remain implausible.

In sum, Plaintiff has failed to amend his complaint to allege any facts that would satisfy an exception to prescription. Thus, because Plaintiff's claims are prescribed the face of his complaint and no exception to prescription applies, his claims must be dismissed.

### III.   Conclusion

Accordingly, **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 24) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED WITH PREJUDICE** because Plaintiff's claims are prescribed on the face of his complaint and Plaintiff has failed to establish in his amended complaint an exception to prescription.

Signed in Baton Rouge, Louisiana, on September 30, 2015.


_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

6